UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

RECEIVED

MAR - 4 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Kenneth:Robinson   , **in personam**        )
    Plaintiff/Movant,                      )    Case No.___:___-civ-_____)
-v-                                          )    Demand For Jury Trial as preserved
DAVID E. ORTIZ   ,                           )    under U.S.Const. Amendment 7
    Defendant/Respondent.                  )    Common Law Action 'at law'

---

MOTION TO SET ASIDE JUDGMENT

FOR LACK OF SUBJECT MATTER JURISDICTION

(pursuant to Fed.R.Civ.P 60(d)(1), & (3))

NOW COMES, common law plaintiff,   Kenneth:Robinson   ;  in proper person, under Special "Limited" Appearance at all times; to move this honorable court to set aside a judgment for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure (Fed.R.Civ.P.) Rule 60(d); and NOT 60(b).  It could otherwise be considered under 28 USC §2241.

## SPECIAL NOTATION FOR SCREENING THIS CLAIM

This claim is NOT to be re-characterized as a 2nd or Successive Motion under 28 USC §2255 to attack or amend a 'Conviction or Sentence' of the underlying criminal case; or to refer the matter back to the original proceedings; since the claim strikes to the very foundational authority of the arrest, indictment, and initial proceedings.

## Relief Sought

Fed.R.Civ.P. 60(d)(1) & (3) provides a court with,

"power to,  (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;"  and to,
"(3) set aside a judgment for [a genuine] fraud on the court." id.

The Movant hereby reserves ONLY the subject-matter jurisdiction of a previous criminal case to be re-examined independently by a jury of his peers,

1

as preserved under the Constitution of the United States for the united States of America (hereinafter "U.S.Const.") under the 7th Amendment that states in pertinent part,

> "Trial by jury in civil cases.    In Suits at common law,.. the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." id.

## Statement of Facts to Underlying Case

1.    The Movant was indicted in the District of MARYLAND, Baltimore Division under docket  No. 1:11-cr-00521-(CCB)  on September 20, 2011.

2.    The defendant in that case pled,  " Not Guilty " , went to jury trial and was convicted on   April 16, 2013.

3.    The defendant was sentenced on  May 23, 2013.

4.    The direct appeal "AFFIRm(ed)" the conviction on August 04, 2014.

5.    A Motion under 28 USC §2255 to 'Vacate' the conviction was 'Granted' on August 08, 2016 with another Motion for new trial being 'Granted'on September 19, 2016.  An Appeal to the USCA filed by the government was 'Vacated' on September 12, 2017; with the defendant's Motion for Reconsideration being 'Denied' by the USCA on September 13, 2017.   The USCA later 'Denied' petitioner's Motion to file for relief under a second or successive 28 USC §2255 to "review conviction" that was filed on November 18, 2019.

6.    There was no Supreme Court certiorari filed.

7.    The jurisdiction of the trial court was NOT challenged in the original district court proceedings, or otherwise legitimately adjudicated on the merits as being proven under the law; neither is jurisdiction positively averred in the record as being conclusive; rather than merely stipulated.

8.    The docket record of the case evidences that the jurisdiction of the court under 18 USC §3231 was only presumed by the court itself; and the court completely ignored the 5th and 11th Circuit binding precedent case law at, United States v. Benson, 495 F.2d 475(5th Cir.1974).

2

Judicial Notice with Memorandum of Law

The movant intends this to be an independent action "at law"; as opposed to being an action 'in equity'. As such, the following procedural points are required to be noticed with the subject-matter of an underlying criminal case being re-examined according to the course of the 'Common Law'. Although it has seemingly become traditional that the 'common law' was suspended in the third decade of the twentieth century[1.] within the 'colorable' jurisdictions of the modern federal courts, the 7th Amendment of the U.S.Const. clearly preserves this right. Additionally, federal courts are repeatedly recognized by the Supreme Court as being courts of 'limited jurisdiction'[2.]; and not courts of general jurisdiction. Therefore, this court is obligated to take judicial notice of certain requirements that will enable it to proceed as necessary.

A.    As to the Appointment of a 'qualified' Judge

No judicial officer of any court can be presumed to be impartial with the outcome in this case, especially if they have either prosecuted or presided over a federal criminal case. Since this case is to re-examine the subject-matter jurisdiction of the underlying criminal matter,; and since the constitutional enactment of the alleged statutory authority that is claimed by the federal district courts is under review; any criminal adjudicator knows that he becomes liable in his 'personal capacity'[3.] should the validity of the statute in question fail the muster of proper constitutional enactment. In other words, the adjudicator will have acted in the complete absence of any legislated authority[4.]. Wherefore, any officer, either a federal judge, or former/current U.S. prosecutor, who has presided over or prosecuted a federal criminal matter is 'unqualified' due to his perceived personal conflict-of-interest in the outcome; and must therefore recuse themselves pursuant to law

and the Code of Conduct For Judges.[5.]   This condition also applies to magistrates.

Therefore, in order to assure transparency and integrity throughout these proceedings, the movant respectfully requests that the assigned judge certifies that he is 'qualified' under the U.S.Const.[6.], by submitting into the record of this independent action, his signed certification that he has only presided over civil cases and appropriately enters a copy of his signed 'Oath of Office' into the docket record of the case.

B.   As to Movant's consent to Magistrate Appointment

Moreover, with regard to magistrates arbitrarily being assigned to decide preliminary proceedings under 28 USC §636, this movant remains under 'limited', or special appearance, at ALL times.   This means that he is claiming a lack of jurisdiction[7.]; either of his person, or of the subject-matter; and does not otherwise waive or concede his appearance until the matter is thoroughly heard and adjudicated on the merits.   Jurisdiction must be determined before a federal court can proceed any further, and it MUST be determined 'conclusively', otherwise the court can NOT proceed at all[8.]; even with adjournment to another proceeding.   The court can only acknowledge the lack of jurisdiction in the record of the affected case, and ultimately dismiss the initial cause under review.[9.]   For a court to proceed otherwise, "is an ultra-vires act."[10.]   As such, review of the claim will require truncated proceedings with a 'dispositive' decision being required. Magistrates are not empowered to decide dispositive matters[11.].   Therefore, any consent to a magistrate assignment is 'withheld' and not approved by this movant[12.].   A party is, "free to withhold consent without adverse substantive consequences".[13.]

4

C.    As to construing Motion as Second §2255 and removing it to trial court

Construing this Motion as a Motion to Vacate under 28 USC §2255 in order to remove this 'fraud on the court' claim back to the original trial court is completely ineffective.

First, to reiterate, this claim strikes at the very heart and foundation to the initial hearing, the indictment, and jurisdictional authority for the underlying trial court to have proceeded in the first place. A §2255 Motion is returned to the trial or sentencing court for review to give an opportunity for the adjudicator to correct the defect. It is the movant's position that the trial judge formerly prosecuted federal criminal cases and is cultured with a prosecutorial mindset. He also cannot be impartial with such a firmly established contempt, bias, and prejudice of an, "Us against them" mentality.

Second, given the insurmountable evidence and impartial expert witnesses that have been accumulated for presentation, the likelihood of success on the merits is substantial and highly probable, if and only if, a fair opportunity is provided for consideration before the 7th Amendment 'demand for jury'. The underlying criminal case trial judge cannot be impartial by any stretch of the imagination since he would be required to admit that he was acting in the complete absence of any authority, or had violated his 'Oath' under the U.S.Const.; and with such admission he knows he becomes liable in his 'personal capacity'. Success on the merits of the claim is entirely contingent, especially giving consideration of this bias, that to guarantee fair and equitable relief to the movant, the matter must be heard in, "an independent action". Therefore, arbitrarily construing this claim as a §2255 Motion is inappropriate, ineffective, and fundamentally unfair given the scope of the claim.

D.    'Finality' Principle does NOT apply to 'fraud on the court' claims

The essence of this Motion is a 'fraud on the court', or otherwise a clear fraud perpetrated KNOWINGLY by a court officer; namely the prosecutor and U.S.District Attorney (AUSA & USDA) in the original and underlying trial proceedings. This is due to both the AUSA and USDA being 'allegedly' sworn officers of the court, who have deliberately misled the court to prevent the court from administering impartial and fair justice.

'Fraud on the court' was determined to have been perpetrated when an officer of the court, "deliberately planned and carefully schemed to defraud not only the U.S. Patent Office but the Circuit Court of Appeals."[14]. Moore's Federal Practices indicates that, "no time limit [is] applicable to relief based on fraud on court [claims]"[15]. Moreover, the 7th Circuit Court of Appeals established that, "a decision produced by 'fraud on the court' is not in essence a decision at all and never becomes final"[16].

E.    Under Fed.R.Evid.201, a court hearing is REQUIRED

Federal Rules of Evidence (Fed.R.Evid.) Rule 201, Judicial Notice of Adjudicative Facts states at,

(b) "The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction."

The movant submits that the original trial court proceeded with the underlying adjudication based upon this rule as stated; and since nobody challenged the government with respect to any jurisdictional element; and the defendant was not a trained jurist to realize the sinister scheme of the prosecutor bringing the accusations when the prosecutor affimatively knew that,

Federal law provides that a state's cession of legislative jurisdiction to [Congress or] the United States [federal corporation][17]. does not take effect until accepted by the federal department that has custody over the land."

6

The evidence of the USDA and AUSA's knowledge of this fact is appended hereunder in the form of an actual 'Notice of Acceptance' authored by then U.S.Attorney General (AG) Janet Reno to then Washington State Governor Gary Locke dated March 20, 1997; in which the AG provides the Notice to prove the acceptance of both criminal and civil jurisdiction over the site of the SEATAC prison facility at Tacoma, Washington.

This requirement for acceptance comports with the U.S.Const. at Art.I, sctn.8, cls.17 (Art.I §8.17) that is also described within the U.S. Code Service at title 40 USC §3112.  This is the ONLY federal statute that is entitled by itself as "Federal Jurisdiction".  There it states in pertinent part at subsection,

(b).. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a [N]otice of [A]cceptance with the Governor of the State".-and- at

"(c) Presumption.   It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land.."

The case binding precedent is also set forth that states,

"It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefor."[18.]

The movant will bring forth to the Fed.R.Evid. 201(e) mandated hearing other independent third-party authority as evidence so that this adjudicative fact of lack of territorial jurisdiction, as stated in Fed.R.Evid. 201(b) at,

"(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed.R.Evid. 201(e) states in pertinent part,

"a party is entitled to be heard on the propriety of taking judicial notice.." -and- "the party, on request, is still entitled to be heard."

The court here is respectfully requested to take judicial notice that the movant, with the filing of this Motion, is formally filing his timely request for this Rule 201(e) evidentiary hearing.

Fed.R.Evid. 201(c) further mandates that,

"(c) Taking Notice. The court: (2) <u>must take judicial notice if a party requests it and the court is supplied with the necessary information</u>."

Movant submits that the necessary information provided by numerous State Governor offices will "<u>conclusively</u>" establish beyond reasonable doubt that territorial jurisdiction cannot be established in the underlying criminal case. Lack of [any] jurisdiction causes a complete lack of all jurisdiction[19].

Since subject-matter is incident to Congress having legislative jurisdiction; and as stated in AG Reno's appended letter; the U.S. Congress has legislated that legislative jurisdiction is incident to having territorial jurisdiction and must be both "ceded" AND "accepted" according to the U.S.Const. without exception; or as the U.S.Const. states, ".. in all Cases <u>whatsoever</u>"[20]. By fortiori then, with this lack of territorial jurisdiction, the subject-matter jurisdictional element of the underlying criminal case completely fails. This however, is not the only fatal defect to the subject-matter jursdiction failure. The Grounds For Relief hereunder describes that the only statute under which "offenses against the laws of the United States", at title 18 USC §3231, completely FAILS legislative and Congressional enactment, or EVER being signed into Public Law (P.L.).

F.   <u>As to Exhausting Administrative Remedy</u>

The Prison Litigation Reform Act (PLRA) restricted claims from proceeding in federal court with the requirement of exhausting Administrative Remedy proceedings. While the movant encountered challenges in completing these requirements, he knows of a dozen or more cases that have fully exhausted this requirement. All final decisions by the agency central office have resulted in a denial in every case. This includes the final decision stating,

".. that only the courts or Congress can repeal or declare a federal statute unconstitutional."

Appended with this motion is a redacted final response from the Federal Bureau

8

of Prisons (FBOP) Central Office exhausting the Administrative Remedy Requirements. The aforementioned statement conforms precisely with former director Harley G. Lappin's 'leaked' internal memorandum dated July 27, 2009 that was quoted verbatim in an Eleventh Circuit district court case[21]. It is FBOP General Counsel's position to avoid this controversy by any means necessary, including complete recharacterization of the question to divert the seriousness of the question for obvious reasons. Despite their continual deflections, it is movant's position that the FBOP Director could 'aid' with finding a resolution by filing a motion with the court requesting the matter to be resolved before a 'court of law' for, ".. extraordinary or compelling reasons"[22]. This is the FBOP's position, despite their complete knowledge that the legislative enactment of the statute in question is fatally flawed constitutionally. This knowledge is revealed in the appended Lappin Memorandum that the Bureau and the FBI states does not exist on ANY government computer in responses to FOIA inquiries. However, the enclosed internal memorandum was 'leaked' directly from an FBOP facility computer. This should satisfy the requirements of exhausting administrative remedy and increase the likelihood of success on the merits of the movant's claim.

### Grounds For Relief

### I. Controversy Background

While this movant has always been concerned with jurisdiction due to the many colored stories being circulated; some being accurate while others are meer rumor, the Controversy became crystal clear with two conflicting response letters from the office of the Clerk of the House of Representatives. Copies of these two letters are set forth in the Appendix of this Motion.

The first response letter to a previous inquiry dated, June 28, 2000 from then House Clerk Jeff Trandahl states,

".. Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however Title 18 was **not** voted on at this time."(emphasis added)

9

However, the response letter to a similar inquiry dated August 24, 2010 from then House Clerk Lorraine Miller completely contradicts Mr. Trandahl at lines 6-7 by stating,

> "H.R.3190 was passed by the House and Senate on June 18, 1948 and became Public Law 80-772 on June 25, 1948."(emphasis added)

It is obvious to any lay person that there is no doubt that these (2) response letters are diametrically opposed; and it is the House Clerks who have created this Controversy and most serious question.

> How Can a Bill possibly be ".. passed by the House.." if it was ".. NOT voted on.. at this [particular] time"?(emphasis added)

In fact, a completely separate House Clerk in a September 11, 2006 response letter, a Ms. Karen Haas states,

> "I found no record of any names [in the records]."

Ms. Haas' was also able to confirm that the lack of names being recorded in the House Journals violates the Rules of the House, particularly House Rule #15 which states that,

> For any House vote to be considered valid constitutionally, the names of those people voting for and against the Bill, together with those House members who abstained from the vote, MUST be recorded in the journals on any vote to ensure that a quorum is present in the House at the time the vote is being taken.

A copy of this letter will be presented at the Fed.R.Evid.Rule 201(e) mandated hearing on this Motion. Here then is the essence and question that requires a hearing in order to firmly dispose of the Controversy now created.

## II. Court Reasons on Defeating Similar Claims

The movant here acknowledges that there have been numerous challenges to the validity of the only jurisdictional statute, title 18 USC §3231, being claimed by the court and, or government. However, there are only two or three cases[23.] that have really completed ANY amount of actual research into the

authenticity of these flawed claims. In every case, the decision quotes, (i) the "Enrolled Bill Rule" and (ii) the predecessor statute controls; if §3231 fails constitutional or parliamentary enactment.

It is the position of the movant that ALL of this quoted research, AND the actual claims are completely flawed; both in the claims themselves, AND the research being relied upon. Therefore, in the instant claim, with so much MORE detailed and specific RELIABLE forensic study into the question HERE being now completed, the scope of the question, and the importance of it now being resolved is increasingly becoming paramount.

### III. Debunking the widely accepted Standard of Review

The Marshall Field v. Clark Case

The courts in every challenge to date quote the, "Enrolled Bill Rule" in the Supreme Court case Marshall Field v. Clark[24]. The Supreme Court describes the 'opinion', Id., at 672, and then the Court explains the 'nature or spirit of the decision', Id., at 676-77. This is more precisely the 'stare decisis' then when the opinion AND the 'spirit of the opinion' are used to control. This is the more complete meaning of 'stare decisis'; since it is not only the opinion, but also includes the 'spirit' in which the opinion was made. In delivering the 'stare decisis' of the Court, Justice Harlan states,

> "The signing by the Speaker.. and President of the Senate, in open session, of an enrolled bill, is an official attestation by thetwo houses of such bill as one that has passed Congress, [and].. should be deemed complete and unimpeachable."[25] (emphasis added)

This is 'the opinion'. However, in keeping with the spirit of the ruling, J.Harlan continues,

> "Every suit before every court, where the validity of a statute may be called in question as affecting the right of a litigant, will be in the nature of an appeal.. for errors apparent on the face of the legislative records, and the journals MUST be explored to determine if some

11

contradiction does not exist between the journals and the bill signed by the presiding officers of the two houses. Where a law is to be declared by the court, it must inform itself as best it can what is the law. If it may go beyond the enrolled and signed bill and try its validity contained in [143 US 677] the journals, it must perform this task as often as called on, and every court must do it. A justice of the peace must do it, for he has as much right, and is as much bound to preserve the Constitution and declare and apply the law as any other court." Id. (emphasis added)[26.]

The movant here submits that the courts in all the other decisions rendered when hearing similar challenges conveniently decide to avoid recognizing the 'spirit' of the Marshall Field doctrine; by failing to do their OWN research, or by simply accepting the flawed research in the other court decisions.

It does not matter how many times an errant decision is rendered, it is still an errant decision with a higher case count. Neither does a false opinion declared over and over and over again create new law!

This failure simply causes a colossal and 'fundamental miscarriage of justice' in a high volume of cases. Couple this together with also not recognizing the operative words of, "signing.. in open session" that make this opinion now controlling in almost every case; the fundamental miscarriage has been amplified exponentially.

## IV. What the Effect of More Comprehensive Research Reveals

a.    First, the Bill H.R.3190; which became much of today's title 18 of the United States Code, or P.L.80-772; was NOT signed while Congress was, "in open session"! Congress was not even assembled.. IN session! It will be demonstrated at trial and from certified Congressional records that the 2nd Session of the 80th Congress entered 'sine die' adjournment; with no 'expected' date of recall; on June 20, 1948. The signing by the Speaker of the House, Joseph W.Martyn, Jr., occurred on June 22, 1948, with the President pro tempore of the Senate, Alben W. Barkley, Jr., applying his signature on June 23, 1948; when thereafter on June 25, 1948, President Harry S. Truman

12

affixed his 'Approval' at, "12:23 P.M. E.D.T.". Sufficient expert research and testimony with certified Congressional records support the contention that this Bill was NOT signed, "in open session" as required in the Marshall Field doctrine's "Enrolled Bill Rule".

b.    Second, the language of the statute in question, title 18 USC §3231, was first put into print in Senate Report No.1620 on "June 14..[for] (legislative day June 1), 1948 -- Ordered to be printed" at "Amendment #10". This can easily be verified in the "History; Ancillary Laws and Directives" at the final point prior to "Research References" in the Code as printed in LexisNexis Library; a copy of which is set forth and appended hereunder. There, the Amendment in question is printed as,

"10. On page 367, line 15 to 18 inclusive, strike out all of line 15 to 18, inclusive, and insert in lieu thereof the following two paragraphs:
The district courts of the United States shall have original jurisdiction, .. , of all offenses against the laws of the United States.. under the laws thereof." (See 18 USC §3231 verbatim) Amendment #10 goes on to explain the reason for the amendment being to, "preserve provisions of section 371(1) of title 28 United States Code, 1940 edition."

Here is a grotesque error of judgment and research with all of the prior decisions rendered to date. The 'predecessor statute' claimed by the courts as title 28 USC §41(2) is NOT the true predecessor statute identified in the Senate Report that formulated the new statute within title 18. Further, the courts CANNOT cite the correct predecessor statute, in conformance to the actual amendment, to claim exactly what jurisdiction Congress provided to the U.S. district courts. Moreover still, any statute ever proposed by the courts, including the correct predecessor 28 USC §371(1), are all cited as being within title 28, and not title 18. When looking directly at the "Repeals" listing in title 28, ALL potential predecessor statutes, including 28 USC §§41(2), 41(4), and 371(1) have all been positively Repealed by

13

Congress; and absolutely 'NO AUTHORITY' can ever be claimed 'Ex Post Facto' of any Congressionally Repealed statute.

c.    Third, the highly controversial "unbelievably frivolous" claim with regard to claims that attempt to invalidate all of title 18 requires explanation here to evidence that this 'fraud on the court' claim does not even resemble any previous "non-quorum signing of title 18" claim.

The key distinction between this claim is that there is no 'quorum clause' argument here.   Proper research has disclosed, from the Congressional record on this claim that the last vote in the House chamber on any portion of title 18 took place on 'May 12, 1947' according to the Congressional 'Daily Digest'. This is the vote that is in dispute due to there only being (44) members; or "38 ayes to 6 nays" voting in the House chamber at the time.   It has been argued, albeit unsuccessfully, that the number of House members required to establish a lawful quorum for any vote to occur must be 50 percent (%) of the House plus (1) House member.   This number calculation requires then at least 218 House members, which is certainly far from the (44) members that are recorded as actually being present.

However, this is not necessarily what makes this claim 'frivolous'. What in fact does make it frivolous is the subject-matter of the vote that was taken.   According to the journal entries, the vote was simply to increase the number of officials that were to be designated on the parole board from (3) individuals to (5), and nothing more.   What is most important here is that this 'truly non-quorum vote' had nothing to do with either 'engrossing', 'enrolling', or passage of the Bill H.R.3190 whatsoever.   In other words, the May 12, 1947 House vote is determined to be merely a non-consequencial amendment that does NOT require a House quorum to be present. This is truly what makes the 'May 12, 1947 House vote' or 'quorum clause' argument "unbelievably frivolous".   Again, the instant claim is entirely different by

14

attacking the constitutional enactment of a statute. This clearly distinguishes it from a "frivolous claim".

d.    Fourth, and likely the MOST important or conclusive matter that increases substantially the likelihood of success on the merits; any person knows that not unlike the U.S.Constitution, an Act of Congress that is lawfully passed is a contract between, "We, the People" and the executive of the UNITED STATES federal corporation. The presiding members of each House of Congress are the elected representatives who sign all Acts of Congress into Public Law on behalf of "the People"; while the elected President of the UNITED STATES personally pens his 'Approval' on any Bill on behalf of the federal government in order to agree to execute the matters contained in the Bill.

For any contract to be binding on anyone, simple contract law requires that every material element must be clearly, yet so distinctively set forth within the document to assure that the, 'expressed understanding between the parties within the contract removes all doubt as to what the law would otherwise imply'. In the case of the signing of a Congressional Bill into Public [or enforcible] Law, whatever is 'Approved' within the Bill must be evidenced to the signing officers before they sign, and that there is positive indication of exactly what is being signed into law. Here then is the 'fatal defect' and essence of this claim.

Appended hereunder is a copy of title 18 USC §3231 as annotated today, together with a copy of the actual signature page 'allegedly' 'Approving' the Bill of including this statute. When you look at the annotation numbers identifying "§3231. District courts" and the language of the statute as printed today in LexisNexis, anyone can clearly see its annotaion of "(June 25, 1948, ch 645, §1, 62 Stat.826)". This annotation is very VERY important since it identifies where in the Statute-at-Large publication the statute

15

should appear, and it likely does appear in that publication. However, that is NOT what is important to it being law. There MUST be some evidence of it on the amendments page of the Bill H.R.3190 in order to evidence that in fact ALL signing officers knew exactly what was being 'Approved' into Public Law.

Now, when any 'impartial' person with 'eyes to see' looks at the Library of Congress 'certified true' copy of the actual signature page with President Truman's signature, they can clearly see the "Statutes at Large" header with the "Volume" and "Page" sub-headers. "62 Stat.826" to the unknowing means 'Volume 62 of the Statutes at Large page 826'. Anyone who studies this signature page and columns looking for the appropriate numbers to identify this particular 'alleged' statute, they unanimously agree that no such entry exists. Neither does anything on this single document that reveals ANY of the activity that occurred in the 1948 "2nd Session of the 80th Congress" was authorized to be included in the Bill, or that any of the signing officers had any indication that the Bill did not include the statute in question. This is clearly what distinguishes this claim from any other claim ever heard in the courts that is not somehow otherwise purposefully obscured from normal public viewing.

This is also what needs to be conclusively decided, and,

"**is a grave misrepresentation** of justice and should be rectified immediately." This is quoted by Southern District of Wisconsin Judge Walter E. Swetlick in his sworn Affidavit dated June 2, 2017. Judge Swetlick is highly respected, and whose credentials are detailed in a copy of the Affidavit appended hereunder.

V. <u>Supportive Authority that Increases Likelihood of Success on Merits</u>

Several other authorities are appended to support the likelihood of success of the claim on the merits.

a.    The movant recently obtained the most damning authority that supports

16.

the contentions of the movant.  Appended hereunder is an Affidavit from State of Wisconsin Judge Walter E. Swetlick, in which he states,

> "Any reference to this non-existent statute in any legal matter would constitute fraud on the part of the prosecutor." and "[I]t would constitute a clear case of Obstruction of Justice."

in which he also indicates that not rectifying the matter immediately is, "a grave misrepresentation of justice."

Judge Swetlick's Affidavit is to support research into the constitutional enactment of title 18 that reveals,

> "The only jurisdiction available to prosecute, convict, and imprison [any federal petitoner] is pursuant to 18 U.S.C. §3231", and concludes that, "No law exists to indict, prosecute, or confine anyone pursuant to title 18 USC §3231."

He concurs with all the argument herein by supporting recent research independently conducted by (3) law Professors and (26) of their top law students attending Pritzker School of Law at Northwestern University in Evanston, ILLINOIS that was headed by Professor Justin Rosenthal.  Their combined research was also confirmed by the Dean of the Law School, Dean Kimberley Yuracko.  As such, the movant submits he will be calling as witnesses some of these, together with other well qualified authorities as independent third party experts to support these contentions that the underlying criminal proceedings lacked subject-matter jurisdiction.

b.    Finally, but not least of all, in 2008 the (3) D.C. Circuit judge panel; when faced with the exact same challenge as described in this Motion; declared,

> "Upon consideration of the [appellant's] motion to dismiss for lack of [subject-matter] jurisdiction and the [government's] response thereto, and appellant's principal brief, it is ORDERED that the motion to dismiss be granted."[27].

## Conclusion

For the foregoing reasons, the movant seeks a declaratory judgment, to be determined before an independent common law jury of his peers and that,

1. the court ORDERS the Defendant/Respondent to bring forth the body of the Plaintiff/Movant pursuant to habeas corpus practice;

2. that the underlying criminal case be conclusively determined to have proceeded with a complete lack of subject-matter jurisdiction due to a 'fraud on the court' perpetrated by the government prosecutor;

3. that the judgment in the underlying criminal case, 1:11-cr-00521-(CCB) be vacated and DISMISSED, With Prejudice;

4. that as a result, the Defendant/Respondent be ORDERED to immediately release the Plaintiff/Movant from federal custody; -and-

5. any other order for remedy or restitution that the honorable court determines to be just under the circumstances to promote 'Equal Protection' to the benefit of th\ Plaintiff/Movant, and to promote the 'integrity of federal judicial proceedings'.

Respectfully submitted this 27th day of February 2020.

c/o FCI Fort Dix                              All Rights Reserved, Without Prejudice
   5756 Hartford Road at Pointville Road
   [near Joint Base MDL, P.O.Box 2000]
   Fort Dix, NEW JERSEY [08640]        _Kenneth Robin_, Plaintiff/Movant
                                        Kenneth:Robinson
                                            by restricted signature

## Declaration & Certificate of Service

I, _____Kenneth:Robinson_____ , do hereby **declare under penalty of perjury** according to the course of Common Law, that the foregoing statements, information, exhibits, and attestations are true, correct, made in good faith, and are not intended to mislead, cause unnecessary delay, or increase the cost of litigation; and **certify** that a true and correct copy of the enclosed:

MOTION TO SET ASIDE JUDGMENT

FOR LACK OF SUBJECT MATTER JURISDICTION

was placed into the institutional U.S.Postal Service mail system with proper postage prepaid for 3-day delivery, either by "Certified" or First Class Mail service as indicated, and sent to,

Clerk of Court
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
400 Cooper Street, Room 1050
Camden, NEW JERSEY [near 08102-1570]

on this 27ᵗʰ day of _February_ 2020.

All Rights Reserved, Without Prejudice

c/o P.O.Box 2000
    Joint Base MDL, NEW JERSEY
    [near 08640]

_____Kenneth Robinson_____ , Movant
Kenneth:Robinson
    by restricted signature

19

## Footnotes

1.   Erie R.Co. v. Tompkins, 304 US 64, 82 L.Ed 1188(1938)(holding "There is no federal general common law." id., at 78.

2.   Ins.Corp. v. Compagnie des Bauxites, 456 US 694, 72 L.Ed.2d 492, 10 S.Ct.2099(1982)(holding, "Federal courts are courts of limited jurisdiction." id., at 701), Kokkonen v. Guardian Life, 511 US 375,378, 114 S.Ct.1673(1994), Finley v. U.S., 490 US 545,550, 109 S.Ct.2003(1989).

3.   Gregory v. Thompson, 500 F.2d 59,63-64(9th Cir.1974)(holding "judges have absolute immunity.. [t]he only exception to this cloak of immunity exists for acts done in 'clear absence of all jurisdiction'.").

4.   Bradley v. Fisher, 80 US 335, 20 L.Ed.646(1872)(If the alleged trespasser be a judge of a court of record, the only question is: Was the act done a judicial act, within his jurisdiction? Of this he is not the judge. If it was not, and "he has acted without his jurisdiction, he has ceased to be a judge."), see Randall v. Brigham, 7 Wall.523, 19 L.Ed.285(1869).

5.   Code of Conduct of U.S.Judges, Canon 3(C)(1), "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of evidentiary facts concerning the proceeding;".

6.   U.S.Constitution, Article VI, clause 3 (Art.VI §3).

7.   Black' 10th @ 119, 'special appearance'.

8.   Steel Co. v. Citizens for a Better Environment, 523 US 83,94, 140 L.Ed.2d 210, 118 S.Ct.1003(1998)("Without jurisdiction the court cannot proceed at all in any cause.").

9.   Steel Co. v. Citizens for a Better Environment, 140 L.Ed.2d 210,220, 118 S.Ct.1003(1998)([T]his Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.).

10.   Steel Co. v. Citizens for a Better Environment, 140 L.Ed.2d 210,221, 523 US 83, 118 S.Ct.1003(1998)(holding "for a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an ultra vires act.")(emphasis added).

11.   Carroll v. United States, 2014 U.S.Dist.LEXIS 114111(D.C.S.C. Aug.18)(Consent from a litigant is not required for magistrate judges to rule on non-dispoitive pre-trial matters or to issue reports and recommendation on

1

dispositive issues.)    It follows here then that magistrates may NOT RULE on dispositive matters.

12.    28 USC §636(c), (Upon consent of the parties, pursuant to their specific written request..), see also Fed.R.Civ.P. 73(b)(2).

13.    28 USC §636(c)(2), ([T]he parties.. are free to withhold consent without adverse substantive consequences.), see also Fed.R.Civ.P. Rule 73(b)(2).

14.    Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 US 238, 88 L.Ed.1250, Id., at 245.

15.    12 James Wm. Moore, Moore's Federal Practices, §60.21[4][g](2001), see also In Re: R&R Associates of Hampton, 248 B.R. at 5(holding, unlike [Fed.R.Civ.P.] Rule 60(b)(3), Fed.R.Civ.P.[60(d) provides, "relief for fraud on the court is not limited by a one year limitation").

16.    Kenner v. C.I.R., 387 F.2d 689,691(7th Cir.1968), See also 11 Wright and Miller, Federal Practice and Procedure §2870 at 409(1995).

17.    title 28 USC §3002(15)(A).

18.    United States v. Benson, 495 F.2d 475,481(5th Cir.1974), see also Krull v. United States, 240 F.2d 122,127(5th Cir.1957)(held, that one element of proof required of the prosecution is, "to establish the situs where [the (1974 U.S.App.LEXIS 18) crime was] committed and show that such situs was within the jurisdiction of the United States.").

19.    Kulko v. California Superior Court, 436 US 84,91, 98 S.Ct.1690,1696, 56 L.Ed.2d 132(1978).

20.    U.S.Const, Art.I, §8.17.

21.    Turner v. United States, 2011 U.S.Dist.LEXIS 135531, id., at 5.

22.    title 18 USC §3582(c)(1)(A)(i).

23.    (4) of these cases are, Farnsworth v. Sanford, 115 F.2d 375,379(5th Cir.1940), United States v. Risquet, 426 F.Supp.2d 310,311(E.D.Pa.2006), United States v. Farmer, 583 F.3d 131,151-52(2nd Cir.2009), Cardenas-Celestino v. United States, 552 F.Supp.2d 962(2008 WD Mo).

24.    Marshall Field v. Clark, 143 US 649, 36 L.Ed.294, 12 S.Ct.495(1892).

25.    Marshall Field v. Clark, 143 US 649,672.

26.    Marshall Field v. Clark, 143 US 649,676-677.

27.    United States of America v. 803 Capitol Street, Vallejo, California, et al., 2008 U.S.App.LEXIS 6641(Mar.17).